# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBERT PINSKY,

        Petitioner,

    v.                                                  CIVIL ACTION NO. 2:11cv66
                                                            (Judge Bailey)

WARDEN OF THE GILMER FEDERAL CORRECTIONAL INSTITUTION,

        Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On August 29, 2011, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241 together with the $5.00 filing fee. On that same date, the Clerk of Court issued a Notice of Deficient Pleading advising the petitioner that he must file his petition on this Court's approved form. The petitioner filed said form on September 6, 2011. The case is before the undersigned for initial review.

### II. FACTS

At the time this petition was filed, the petitioner was confined in the Gilmer Federal Correctional Institution which is located in Glenville, West Virginia. He was serving a seven month sentence for violation of supervised release which was imposed by the United States District Court for the District of New Jersey on April 11, 2011. The petition challenges the determination that he is not eligible for placement in a Residential Re-entry Center ("RRC"). The petitioner maintains that he was initially denied RRC placement based on a determination that he had sufficient financial resources and communities ties which negated the need for an RRC placement. The petitioner indicates that a subsequent finding was made that he was precluded from RRC placement because his present incarceration was due to a supervised release violation, which involved leaving the

1

judicial district without approval. The petitioner maintains that said determination is arbitrary, capricious and constitutes an abuse of discretion. The petitioner specifically alleges that the respondent did not fully consider the statutory factors promulgated by 18 U.S.C. § 3621(b), and that his offense does not preclude him from receiving RRC placement. For relief, the petitioner seeks an order compelling the respondent to reconsider him for RRC placement.

### III. ANALYSIS

Article III of the United States Constitution limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996). In the context of a habeas corpus proceeding, the writ "'does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.'" Leonard v. Hickey, No. 1:06-0734, 2009 WL 1939174, at *2 (S.D.W.Va.) (quoting Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973)). If the respondent can no longer provide the requested relief, then the court cannot consider the petition. Id..

In this case, the petitioner is seeking, in effect, placement in an RRC for some portion of his incarceration. Although the petitioner has not provided the Court with a change of address, the BOP website indicates that he was released from custody on December 1, 2011.[1] By virtue of his release from custody, the respondent can no longer provide the requested relief, and accordingly, this case

---

[1] The undersigned notes that the case file contains a letter from an Attorney Jerome Brown addressed to Judge Bailey and the undersigned calling attention to the petitioner's anticipated release on December 21, 2011. (Doc. 6).

2

is now moot.[2]

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's § 2241 petition (Doc. 1) be **DISMISSED AS MOOT**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk is further directed to provide a copy of this Report and Recommendation to any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

---

[2]While the undersigned regrets that he was unable to attend to this matter more promptly, it is pertinent to note that the petitioner acknowledges that a minimum of 60-90 days is required just to obtain a placement in a RRC. (Doc. 1, p. 17). Because the petitioner filed this matter less than four months before his anticipated release date, it would have been virtually impossible for the petitioner to have spent any time in a RRC given the time which the respondent would have been afforded to show cause why the petition should not be granted coupled with he mechanics of preparing a Report and Recommendation following that response and the District Judge's obligation to review any objections that were filed.

3

**DATED:** January 6, 2012

---
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE